## PURDY v. IRWIN et al.

PLAINTIFF has a deed of property from H. and P.  Subsequently, N., execution
creditor of H. and P., causes the Sheriff to levy on the property.  Plaintiff
files his bill to restrain the sale as casting cloud on his title.  Court below
found plaintiff's deed to be in effect a mortgage: *Held,* that the bill must be
dismissed; that the purchaser at the Sheriff's sale would only acquire the
interest of the judgment debtors, H. and P.; that plaintiff's rights as mort-
gagee would be unaffected by the sale, and hence there is no necessity for
equity to interfere in his behalf.

APPEAL from the Fourteenth District.

Bill in equity to restrain Irwin, Sheriff, from selling real property
on execution in favor of defendant Nesbit and against H. H. Purdy
and Green, on the grounds that plaintiff is the owner of the prop-
erty levied on, and that a sale of it on execution would cloud the
title.  Plaintiff derives his title by deed from Green and Purdy,
the defendants in execution.  On filing the complaint, a temporary
injunction was ordered, staying the Sheriff's sale pending the suit.

The Court found that this deed was a mortgage given to secure
a debt of six hundred dollars due from Green and Purdy to plaint-
iff, and that the right of redemption existed in Green and Purdy at
the time of the levy sought to be restrained, and made a decree
as follows, to wit: "It is ordered and adjudged that the prayer of
said complaint be granted so far as to restrain and enjoin the sale
of said water property under said execution of said defendant Nes-
bit, except as subject to the prior and equitable lien of Solomon
Purdy thereupon for the sum of six hundred dollars principal, to-
gether with interest at the rate of ten per cent. per annum from
the first day of April, 1857; and the costs of this suit will be
awarded against the defendant."  Defendants appeal.

*P. Vanclief* and *W. W. Stewart,* for Appellants.

*Alex. W. Baldwin,* for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. and
FIELD, C. J. concurring.

The decree in this case must be reversed.  The rights of the

plaintiff cannot be impaired by a sale under the Nesbit judgment. The purchaser at that sale will only acquire the interest of the judgment debtors, and there is no necessity for equitable interference on behalf of the plaintiff. His rights as mortgagee will stand upon the same footing after the sale as they did before.

Judgment reversed, and bill dismissed.